UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LEE WAFER, | ) |
| Plaintiff, | ) CASE NO. C08-0885-JLR-BAT |
| v. | ) |
| DEBORAH NANSON, et al., | ) REPORT AND |
| Defendants. | ) RECOMMENDATION |

## INTRODUCTION

Robert Lee Wafer (plaintiff") proceeds pro se and in forma pauperis in this 42 U.S.C. § 1983 action. Dkt. 13. He alleges his constitutional rights were violated by police officers and King County Jail medical and corrections staff who used excessive force against him. He seeks money damages against all named defendants. He also alleges state law claims of assault and battery. On December 17, 2008, defendant Jane Doe Shawna moved for summary judgment. Dkt. 28. On December 18, 2008, the remaining defendants moved for summary judgment. Dkt. 30. Plaintiff has not filed a response. After careful consideration of the motions for summary judgment, supporting materials, governing law, and the balance of the record, the Court recommends that defendants' motions for summary judgment be GRANTED and that plaintiff's claims against all named defendants be DISMISSED.

REPORT AND
RECOMMENDATION – 1

## BACKGROUND

On May 23, 2006, plaintiff filed a state civil rights complaint in King County Superior Court Cause No. 06-2-17177-2. Dkt. 29. That complaint contained claims arising from the same facts underlying the action now before the Court and the same defendants. Dkt. 29. Plaintiff did not engage in discovery and the complaint was dismissed upon plaintiff's motion for voluntary dismissal. *Id.*

On June 4, 2008, plaintiff submitted to this Court an application to proceed in forma pauperis and a proposed § 1983 complaint. Dkt. 1. Plaintiff was granted leave to proceed in forma pauperis (Dkt. 5) and leave to amend his complaint to cure deficiencies. Dkt. 7, 9. Plaintiff filed a second amended complaint (Dkt. 13) alleging the following claims.

On August 27, 2005, Shoreline Police Officer **John Doe Wright** allowed Officer **Steele** to repeatedly taser plaintiff in the abdomen and neck while plaintiff "showed no resistance" and allowed Officers **Shears, Porter,** and **Hurley** to handcuff plaintiff by wrenching plaintiff's right arm behind his back. *Id* at 2. Plaintiff alleges these defendants violated plaintiff's constitutional rights by inflicting bodily harm, tasering excessively, and using excessive force. *Id.*

After being arrested by Shoreline police officers, plaintiff was taken to the King County Jail. He alleges that King County corrections Officers **Anderson** and **Stark** strapped him to a chair, placed a bag over his head and began pushing him into "various furniture." *Id.* at 4. The officers then strapped him to a bed where King County Jail nurse **Shawna** placed a tube into plaintiff's penis and also drew a blood sample from plaintiff's arm. *Id.* He alleges he cut his chin after the "defendant officers" threw him to the ground. *Id.*

Plaintiff alleges King County Corrections Officers **Barnwell** and **Folk** "promoted through [their] action or inaction practices violating pre-trial detainee's constitutional rights and thereby

allowed or encouraged the illegal acts as described." *Id.* at 3. Plaintiff further claims "defendants **Barnwell, Folk, Mease** participated in concert with the defendants **Anderson, Stark, Shawna** against plaintiff" in violation of the Eighth and Fourteenth Amendments. *Id.* at 5. In addition to alleging violations of his constitutional rights, plaintiff also alleges that all defendants committed assault and battery.

On November 6, 2007, defendants filed a notice to take plaintiff's deposition. Dkt. 26. Notice of the deposition was served on plaintiff, (Dkt. 29 (ex. c)) but plaintiff failed to appear at the scheduled deposition. *Id.*

On December 17, 2008, defendant Shawna filed a motion for summary judgment and declaration in support. Dkts. 28, 29. Defendant Shawna contends she was not and is not an employee of King County and that summary judgment should be granted because plaintiff has failed to effect service on her and because plaintiff has failed to appear for the deposition defendant noted. Dkt. 28 at 2-4.

On December 18, 2008, the remaining defendants filed a motion for summary judgment and supporting declarations. Dkts. 30-35. The defendants contend summary judgment should be granted because 1) defendants did not use excessive force against plaintiff; 2) defendants are entitled to qualified immunity; 3) defendants are immune from plaintiff's state claims for assault, battery and negligence; and 4) plaintiff has failed to propound discovery and failed to appear for his disposition. Dkt. 30 at 7.

The Court has issued a pretrial scheduling order advising plaintiff of what he must do to oppose a motion for summary judgment. Dkt. 22. Plaintiff has not filed any response or opposition to the summary judgment motions.

REPORT AND
RECOMMENDATION – 3

# DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby*, *Inc*., 477 U.S. 242, 248 (1986). Genuine issues of material fact exist when the evidence would enable "a reasonable jury . . . [to] return a verdict for the nonmoving party." *Id.* (internal citations omitted).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248.

The Court's pretrial scheduling order advised plaintiff of what he must do to oppose a motion for summary judgment:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Dkt. 22; *see also Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). Furthermore, the order advised plaintiff that, under Local Rule CR 7(b)(2), a party's failure to file necessary

documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit. *Id.*

Plaintiff did not file a brief in opposition to defendants' motions as Local Rule CR 7(b)(2) requires. Accordingly, the Court may deem plaintiff to have admitted that the motion has merit. Even if the Court does not make this assumption, plaintiff has not submitted to the Court any facts demonstrating a genuine issue for trial. *See Anderson*, 477 U.S. at 248. Thus, summary judgment is appropriate if defendants have shown that they are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiff's claims are made pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B. Defendant Shawna's Motion For Summary Judgment**

Defendant Shawna argues summary judgment should be granted for two reasons. First, she argues the motion should be granted because plaintiff has failed to effect service on her. A plaintiff suing a federal defendant must serve the defendant with a copy of the summons and complaint. Rule 4(m) provides for dismissal without prejudice when a plaintiff fails to serve a defendant within 120 days after the filing of the complaint without good cause. Fed. R. Civ. P. 4(m). In this case, the Clerk of the Court was ordered to effect service on the defendants. Dkt. 9 at 2. Consequently, the Court will not fault plaintiff for failing to effect service on defendant Shawna and will excuse such failure for good cause.

Defendant Shawna next argues summary judgment should be granted because plaintiff failed to appear at his deposition. The Court may "impose the extreme sanction of dismissal if there has been 'flagrant, bad faith disregard of discovery duties.'" *Porter v. Martinez*, 941 F.2d 732, 734 (9th Cir. 1991) (internal citations omitted). However, because the sanction of dismissal is such a harsh penalty, the Court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. at 656 (citations omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

In examining the five factors, the Court finds plaintiff's failure to fulfill his discovery obligations has delayed resolution of the case. The claims contained in this action were originally brought in 2006 in King County Superior Court. Since bringing this action, plaintiff has not performed any discovery and has disregarded defendants' discovery attempts. Because plaintiff is indigent, it makes little sense to order a less drastic sanction such as a fine or payment of expenses. However, because defendant has not shown that plaintiff's failure has prejudiced her or created a risk of prejudice, dismissal is inappropriate at this point.

**C. Plaintiff Has Failed To State A Claim Against Defendant Shawna**

Although the Court rejects the arguments that plaintiff's failure to effect service on defendant Shawna and failure to appear at his deposition warrant summary judgment and dismissal, the Court must consider whether plaintiff's amended complaint states a claim against defendant Shawna. Plaintiff alleges correction officers **Anderson** and **Stark** strapped him to a chair, placed a

bag over his head and began pushing him into "various furniture," and that the "defendant officers" threw him to the ground. Dkt. 13 at 4. However, plaintiff presents no facts showing that defendant Shawna was involved in these acts. *Id.* Plaintiff alleges that defendant Shawna, a King County Jail nurse, placed a tube into plaintiff's penis and also drew a blood sample from plaintiff's arm, *id.*, but again, presents no facts to show these procedures were medically improper and in violation of his constitutional rights. He also presents no facts to show that under state law, defendant Shawna committed assault or battery.

Where a *pro se* litigant's complaint fails to state a claim on which relief may be granted, he is entitled to an opportunity to amend the complaint unless it is clear that the deficiency cannot be cured. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court has granted plaintiff leave to amend his complaint and given plaintiff notice that he must set forth specific facts demonstrating how each individual defendant personally participated in causing him harm of constitutional dimension. Because plaintiff's amended complaint fails set such facts as to defendant Shawna, his constitutional and state law claims against her should be dismissed.

**D. Remaining Defendants' Motions For Summary Judgment**

Plaintiff has alleged that the remaining defendants used excessive force when he was arrested and booked into the jail. Dkt. 13 at 2-4. Defendants have moved for summary judgment contending "no excessive force was used against" plaintiff.[1] Dkt. 30 at 7.

The Fourteenth Amendment's Due Process clause protects pretrial detainees from uses of excessive force that amount to punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). The Fourth

---

[1] Defendants also argue summary judgment should be granted because plaintiff failed to propound discovery, failed to identify John Doe defendants and failed to appear at his deposition. These arguments were raised by defendant Shawna. The Court rejects defendants' arguments for the reasons given in rejecting defendant Shawna's arguments.

REPORT AND
RECOMMENDATION – 7

Amendment sets the applicable constitutional limitations for analyzing excessive-force claims by pretrial detainees. *Id.* (citing *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996)). Excessive-force claims by pretrial detainees turn on whether the officers' use of force was objectively reasonable, given the circumstances. *Graham*, 490 U.S. at 397. Corrections officials must be free to take action to ensure the safety of themselves and other inmates, and to ensure security and order within the prison. *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979).

Plaintiff has not contested the defendants' motion for summary judgment. The defendants' uncontested evidence shows that the arresting officers' use of force was reasonable under the circumstances. Officers Wright, Steele, Porter, Shears, and Hurley were dispatched to a fight at a convenience store. Dkts. 31, 32. When Wright walked into the store, he saw broken wine bottles on the floor and three people trying to control plaintiff. The store clerk was holding her eye and it appeared she had been struck. The clerk later told Wright that plaintiff had demanded money and struck her in the face when she refused. Wright told plaintiff he was under arrest and ordered plaintiff to put his hand behind his back. Plaintiff refused to follow Wright's orders and instead tried to grab the officer's hands. Wright again ordered plaintiff to comply. In response, plaintiff began to come at Wright and yelled "I'm gonna fuckin' kick your ass." In response to these threats, Wright tasered plaintiff and told plaintiff to roll on his stomach and put his hand behind his back. As Wright approached to handcuff plaintiff, plaintiff kicked Wright in the leg and tried to stand up. Plaintiff continued to refuse to comply with any orders and Wright had to taser him four times to subdue him. Because plaintiff refused to turn over and put his hand behind his back, the officers had to grab his arm and put them behind his back in order to handcuff plaintiff.

The force used by the officers was objectively reasonable given the circumstances. The officers used force that was necessary to protect themselves, keep plaintiff under control and take

REPORT AND
RECOMMENDATION – 8

him into custody. Because the officers' actions were necessary to protect themselves and to take plaintiff into custody, they did not violate plaintiff's right to be free from excessive force and no further qualified immunity analysis is necessary.

After being arrested, plaintiff was taken to the King County Jail. The uncontested evidence presented by the defendants shows that the jail correction officers' use of force was reasonable under the circumstances. Corrections officers Mease, Anderson and Folk received plaintiff at the King County Jail. Dkt. 33, 34. Plainitff was highly intoxicated and said "What the Fuck are you, the Ku-Klux Klan?" Dkt. 33 at 2. Because plaintiff had been tasered, he was examined by the duty nurse. As the nurse was examining plaintiff, he suddenly jumped up and said "I'll slap the shit out of you fucking bitch." *Id.* The officers grabbed plaintiff to control him. Plaintiff began to resist and the officers took him to the floor to gain control over him. This caused a cut to plaintiff's chin and plaintiff was taken to Harborview Medical Center for stitches. When plaintiff returned to the Jail, he was highly uncooperative and resistive. Consequently, he was placed in a restraint chair. Plaintiff continued to resist, was verbally abusive and attempted to pull away even though he was in the chair. After plaintiff refused all requests to cooperate, a jail sergeant applied a small bust of pepper spray in an attempt to curtail plaintiff's behavior.

The defendants' uncontested evidence shows that the correction officers' use of force was reasonable under the circumstances. Plaintiff was belligerent, threatening, and resisted the officers during the booking process. The officers' actions were necessary to maintain security and order in the jail. The use of pepper spray in response to a refusal to follow directions falls within the wide range of deference accorded prison officials in response to breaches of prison discipline. *See Spain v. Procunier*, 600 F.2d 189, 195-96 (9th Cir. 1979) (stating that the "use of [tear gas] in small amounts may be a necessary prison technique if a prisoner refuses after adequate warning to move

REPORT AND
RECOMMENDATION – 9

from a cell or upon other provocation presenting a reasonable possibility that slight force will be required"); *Manier v. Cook*, 394 F.Supp.2d 1282, 1288 (E.D. Wash. 2005) (finding no excessive use of force where guards fired two taser shots at inmate following his refusal to return to his cell, admitted verbal abuse, and admitted history of self harm). Here, a single burst of pepper spray was applied after plaintiff refused to comply with requests to cooperate and continued to act in a resistive manner.

Because the officers did not violate plaintiff's right to be free from excessive force, no further qualified immunity analysis is necessary, and the officers are entitled to judgment as a matter of law. In sum, it cannot be said that the defendants' actions rose to the level of a constitutional violation. As such, plaintiff's § 1983 claims against the defendants should be dismissed.

Defendants also argue plaintiff's state law claims of assault, battery and negligence should be dismissed. Based on the uncontested evidence before the Court, defendants did not use unnecessary or unreasonable force and therefore did not commit assault or battery. Additionally, police officers are entitled to common law qualified immunity from state tort claims if their conduct meets a three-prong test: (1) they carry out their statutory duty; (2) according to the procedures dictated by statute and superiors; and (3) they act reasonably. *Guffey v. State*, 103 Wash. 2d 144, 152, 690 P.2d 1163 (1984). Qualified immunity protects officers only for acts that are done in good faith. *Musso-Escude v. Edwards*, 101 Wash. App. 560, 568 (2000). The uncontested evidence shows the police officers lawfully arrested plaintiff and used reasonable force to effect his arrest. As such, they are immune under the common law and plaintiff's common law claims should be dismissed.

REPORT AND
RECOMMENDATION – 10

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment be granted and that plaintiff's complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 20th day of January, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge